1
2
3
4
5
6
7      UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
8      AT SEATTLE

9  JARNAL SINGH,[1]

10              Petitioner,                  CASE NO. C08-0011-RSL

11      v.                                   REPORT AND RECOMMENDATION

12  NEIL CLARK,

13              Respondent.

14

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. 4). Respondent has filed a Return Memorandum and Motion to Dismiss, arguing that petitioner is lawfully detained under the Attorney General's discretion pursuant to Section 241 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231. (Dkt. 8).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. 4) be DENIED and respondent's motion to dismiss (Dkt. 8) be GRANTED.

---

[1] The Administrative Record indicates that petitioner is also known as "Jarnail Singh."

REPORT AND RECOMMENDATION
PAGE – 1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner Jarnal Singh is a native and citizen of India. (Dkt. 10 at L308). On January 10, 2007, he was apprehended by U.S. Customs and Border Protection agents in Lynden, Washington, after he illegally crossed the border into the United States. (Dkt. 10 at R78, L25-26). Petitioner was served with a Notice to Appear, charging him with removal for being present in the United States without being admitted or paroled, in violation of INA § 212(a)(6)(A)(i). (Dkt. 10 at L21-22). ICE issued a Warrant for Arrest of Alien and a Notice of Custody Determination, setting bond in the amount of $50,000. (Dkt. 10 at L16-17). Petitioner filed a motion for a bond redetermination hearing before an Immigration Judge ("IJ"), requesting that the IJ release him on his own recognizance or, in the alternative, reduce his bond to $1500. (Dkt. 10 at L29-37). On March 27, 2007, an IJ reduced petitioner's bond to $30,000. (Dkt. 10 at L40).

On June 25, 2007, the IJ denied petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed to India.[2] (Dkt. 10 at L233). Petitioner appealed the IJ's order of removal to the Board of Immigration Appeals ("BIA"), who dismissed the appeal on November 23, 2007. (Dkt. 10 at L375-77). On December 20, 2007, petitioner filed a Petition for Review of the BIA's decision with the Ninth Circuit Court of Appeals, along with a motion for stay of removal. *Singh v. Mukasey*, No. 07-74959 (9th Cir. March 14, 2008). Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), this caused a temporary stay to automatically issue.

On January 4, 2008, petitioner filed the instant habeas petition, challenging his continued

---

[2] Petitioner's removal hearing was initially scheduled for February 15, 2007, and was continued three times to allow petitioner time to obtain counsel. (Dkt. 10 at L312-329). Petitioner ultimately proceeded pro se on March 19, 2007. (Dkt. 10 at L303-311).

REPORT AND RECOMMENDATION
PAGE – 2

detention. (Dkt. 4). Respondent filed a Return Memorandum and Motion to Dismiss on February 11, 2008. (Dkt. 8). Petitioner did not file a response. However, on February 15, 2008, petitioner filed a motion for voluntary dismissal of his Petition for Review in the Ninth Circuit. The Ninth Circuit granted petitioner's motion for voluntary dismissal and the mandate issued the on March 15, 2008. *See Singh*, No. 07-74959 (9th Cir. March 14, 2008).

### III. DISCUSSION

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'" *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement."). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6); *see Zadvydas v. Davis*, 533

REPORT AND RECOMMENDATION
PAGE – 3

U.S. 678, 682, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). In *Zadvydas,* the Supreme Court determined that the government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. After this six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing. *Id.*

In the present case, the Ninth Circuit mandate issued on March 15, 2008, thereby commencing the removal period. *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Accordingly, petitioner's ninety-day removal period will expire on or about June 15, 2008, and the six month presumptively reasonable period will expire on or about September 15, 2008. Accordingly, petitioner's detention is lawful, and the Court must deny habeas relief. *See Zadvydas*, 533 U.S. at 701.

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 22nd day of April, 2008.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 4